## JOSEPH KINSMAN *vs.* JOHN GREENE.

Where a grant of a township of land is made by the State to certain proprie-
tors, reserving a lot of land near the centre of the township, and the proprie-
tors afterwards assign to the State a lot near the side line of the town, which
is accepted as the reserved lot, the title thereby becomes vested in the State.

If another be in possession of land, claiming title, at the time the owner makes
a lease thereof, this does not destroy the effect of the lease, when the lessee
comes into possession under it.

Although it may well be questioned, whether a person can be considered as
holding lands by virtue of a possession and improvement against the State;
yet if the State, by mere release without covenants, convey lands in the oc-
cupation of another, without expelling the occupant, he will be entitled to
*betterments* against the grantee of the State, in the same manner as he would
have been, if the title had been in the hands of a private person.

Where the demandant recovers the land, and the tenant is entitled by the ver-
dict to *betterments*, and the election is made by the demandant to pay there-
for, he may set off his costs of suit in payment of the betterments.

THIS was a writ of entry, commenced *Sept.* 1, 1836, demand-
ing three hundred and twenty acres from the west end of lot No.
17, in *Madison*.   With the general issue the defendant filed a re-
quest for the allowance of *betterments*.   The jury found, that the
tenant was entitled to betterments on twelve acres, and no more.
The demandant made his election to pay for the betterments, and
moved to set off his costs in part payment thereof, if the court
should order judgment to be entered on the verdict.   The reserva-
tion in the deed from the Commonwealth to *Barnard* and others
was in these words.   " Reserving four lots of three hundred and
twenty acres each for public uses, *viz.* one for the first settled min-
ister, one for the use of the ministry, one for the use of schools,
and one for the future appropriation of the government, to be laid
out near the centre of said township, and to, average in goodness
with the other lots."   The lot demanded was claimed, as the one
last mentioned.   The only notice of the *assignment* to the Com-
monwealth in the case was in these words.   " The demandant read
in evidence an assignment of the public lots in the town of *Madi-
son*, made under the statute, at the Court of Common Pleas for
this county, *March Term*, 1820, by which the demanded premises
were assigned to *Massachusetts* as the lot reserved for the use of

the Commonwealth." The material facts are given in the opinion of the Court.

*Bronson*, for the tenant, contended, that the Commonwealth could not have been seized of the premises demanded, lying on one side of the town, by any right retained by the reservation in the original deed to the proprietors ; that the assignment could vest no right in the State ; nor could the State become seized without judgment of law, after the disseizin of the proprietors, and could convey no title to the demandant. He cited *Fisk* v. *Briggs*, 3 *Fairf.* 373.

*Boutelle*, for the demandant, argued, that the four lots had never been conveyed away by the Commonwealth, and therefore no disseizin could take place ; but were it otherwise, and the land passed to the proprietors, the occupant held under the proprietors, and his possession could not defeat any conveyance or assignment to or from the State. *Burghardt* v. *Turner*, 12 *Pick.* 534 ; *Ward* v. *Bartholomew*, 6 *Pick.* 409 ; *Knox* v. *Hook*, 12 *Mass. R.* 329 ; *Shaw* v. *Bradstreet*, 13 *Mass. R.* 241 ; *Kenn. Pur.* v. *Kavanagh*, 1 *Greenl.* 348.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J. — In the grant from the Commonwealth to *Barnard* and others in 1792, there was a reservation of four lots for public uses, " to be laid out near the centre of said township," one of which was for future appropriation. The premises now in controversy are upon lot No. 17, adjoining the lot on the north west corner of the township. In the case of *Porter* v. *Griswold*, 6 *Greenl.* 430, a doubt was expressed, whether the language used in deeds of this description would amount to a legal reservation of the title. Considering the situation of this lot there may be difficulty in regarding the title as remaining in the Commonwealth, although she might well receive it, when assigned to her for that use. Supposing the title to the lot to have passed to the grantees could they so assign it to the Commonwealth in 1820, that she could convey it to the plaintiff? If so it is immaterial to decide, whether or not the title remained in her by the reservation. The improvements made by *McDonald* do not appear to have been of a character to affect the rights of any one. The occupations of *Moses Greene*,

and of his widow and children, appear to have continued to about the year 1817 when she removed; and *Asa Greene* a son of *Moses* continued to occupy until 1823 or 1824. On the 24th of *October*, 1810, he took a lease of the premises, of the agents of the proprietors, obliging himself to improve the same until the proprietors should sell; and then to deliver the same up with all improvements made thereon. He was in possession in 1820, when the proprietors assigned this land to the Commonwealth. They were then seized, their tenant being in possession, and could well convey the title. It is objected, that when he took the lease another was in possession, but that would not destroy the effect of the lease when he came into possession. He could not set up his title against the title of his lessors. The assignment being effectual to pass the title to the Commonwealth, her title then became good, if she had before parted with it. Having the title in 1820 and not being liable to be disseized, she could convey a good title to the plaintiff in 1835.

Whether a person can be considered as holding lands by virtue of a possession and improvement against the State may well be questioned, but it is not now necessary to decide. The deed from the Commonwealth to the plaintiff conveys only all its right, title and interest in the lot, and is without covenants. And considering her usual regard for settlers as exhibited in her conveyances to the grantees and others, she may be understood as designing to allow any settler to set up his claims in the same manner as he might have done, if the title had been in the hands of a private person. And the plaintiff cannot under such a title interpose the rights of the State when she did not choose to do it, against the claim of the defendant for his improvements.

*Judgment on the verdict.*

Let the set off be made agreeably to the motion on file.